**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CIVIL ACTION**

**MELISSA WILSON, PLAINTIFF**
**PRO SE**

NO. **20-00032**

**VS**

**CITY OF NEW ORLEANS Property Management and**
**Facility Maintenance, Defendant**

**SECT. I MAG. 4**
SECTION " "

### COMPLAINT AND JURY DEMAND

1.      Plaintiff worked for the  Department of Real Estate and Record Division from August,

2006, under Mr..Ed Mazoue until 2010, when Plaintiff was transferred to the department of  Mr.

George A. Patterson (Director of Property Management).  Plaintiff's direct supervisor,  Mrs.

Adrienne Recasner, made her working conditions unbearable to cope with. mistreating Plaintiff

with disrespect, constantly degrading Plaintiff and making her work environment unbearable.

Plaintiff also had cancer surgery that year (2012)  but was required to come in 4 weeks early to

comply with the deadline for  the job Performance Measurement.   The abuse of Plaintiff

continued requiring Plaintiff to cover the positions of 3 three other employees with no

assistance., in spite of asking for help with the over burdened workload .That December (2014),

all department heads took off for Christmas and New Years leaving Plaintiff to work alone to

keep office up running during holidays.   And these sacrifices were noticed by other employees of

city hall.  In February 3, 2015, Plaintiff fell ill and returned to work on  April 28, 2015.  And

while in the meeting on May 14, 2015, Attorney, Elizabeth Robins, dismissed Plaintiff  from her

position with the City of New Orleans.   Plaintiff was threatened by Mr. Ed Sens that if she did

Fee _____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No._____

not leave the premise he would call security to take Plaintiff off the premises. After the 4th

Circuit Court of Appeals for Louisiana, rendered their decision on May 10, 2017 in "Melissa

Wilson vs Department of Property Management," Proceeding #8413 of the docket of the Civil

Service Commission, the court affirmed the decision of the Civil Service Commission that

Plaintiff was improperly terminated in accordance with the requirements of Civil Service Rule

IX. Then on August 7 2017, Plaintiff was reinstated and reported to work but she was without

equipment such as a computer, printer, a pop-up desk, working telephone for 2 months, sitting

alone in Facility Maintenance Office with nothing to work with. Because of the neighborhood

location, Plaintiff was locked in the building all day from 8 am until someone arrived to let

Plaintiff out at 5 pm. Plaintiff was never given a key. Plaintiff was afraid of being there

alone--it was not safe in deplorable condition, smelling of sewerage and insect, rat, and insect

infestation. Plaintiff was forced to go to Facility Maintenance building as Patterson did not want

Plaintiff to return to his department. This job and location was created by the city for Plaintiff

after they lost the wrongful termination hearing before the Civil Service Commission rendered

September 20, 2016, Case #8413. No accommodation was offered to Plaintiff to conduct her

work with her disability. Plaintiff had to sit in the middle of cold office during the winter

months, when she fell ill again.

     In 2018, Plaintiff never heard from anyone in Property Management. On March 7, 2019

Plaintiff had another surgery and Mrs. Martha Griset (Director) was instrumental in cancelling

Plaintiff's health insurance with United Health Care. Therefore, Plaintiff was unable to continue

her Leukemia treatments, and other medicines necessary for Plaintiff's treatment. Plaintiff then

had another set back with Leukemia treatments due to the reckless actions of the City of New

Orleans,

## II. JURISDICTION AND VENUE

2.      Jurisdiction is proper in this judicial district because Plaintiff Wilson is alleging

violations of her rights under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000, et

seq (hereinafter referred to as "Title VII"); the Americans With Disabilities Act of 1990; 42

U.S.C. §12101, et seq, ("ADA"); and the Age Discrimination in Employment Act as amended,

29 U.S.C. §621, et seq ("ADEA").

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b), because the

unlawful acts giving rise to Plaintiff Wilson's claims occurred within the jurisdiction of the

United States District Court for the Eastern District of Louisiana.

4.      Plaintiff, Wilson has complied with all of the administrative, jurisdictional and legal

prerequisites for the filing of this action. Specifically, Plaintiff has filed a charge of unlawful

discrimination and retaliation with the Equal Employment Opportunity Commission.

## PARTIES

5.      Plaintiff, Melissa Wilson is a resident of Orleans Parish, New Orleans, Louisiana

6.      Defendant, City of New Orleans' principal place of business is 1300 Perdido Street, 5th

Floor, New Orleans, Louisiana.  At all relevant times, City of New Orleans was an employer as

defined by Title VII, the ADEA the ADA

## GENERAL ALLEGATIONS

7.    Plaintiff, Melissa Wilson was employed at Civil District Court, Registrar of Conveyances, for 29 years, hired September 14, 1976 until her last date to work on August 26, 2005. Plaintiff was placed on Administrative leave due to lack of work due to Hurricane Katrina and Rita. Before departing her position as supervisor for the Registrar of Conveyances of the Input and Verification Department, Plaintiff's gross pay was $25,335.00 yearly.

8.    In 2005 after Hurricanes Katrina and Rita, Plaintiff volunteered with Real Estate and Record Divisions for 1 one year under Mr. Ed Mazoue (Director). Mr. Ed Mazoue and Mrs. Juanita Fletcher (Supervisor) were in great spirit knowing the Plaintiff was able to walk in and be a productive employee, knowing the department was short staffed as many employees did not return to their jobs.

9.    In August, 2006, Plaintiff was hired by the Department of Real Estate and Record Division at gross pay of $11,634.78 yearly until the City of New Orleans was forced to up-grade all employees pay that was below minimum wage. Mr. Ed Mazoue was preparing to get Plaintiff a salary increase based on my 29 years experience. Before Mr. Ed Mazoue was able to do so; in 2010, Mr. George A. Patterson (Director of Property Management) transferred me to his department> He promised better conditions knowing I had a huge cut in pay after Hurricane Katrina and Rita.

10.    In 2012, my supervisor, Mrs. Adrienne Recasner, made my working conditions unbearable to cope with. Plaintiff asked Mrs. Adrienne Recasner, "why are you mistreating me with such disrespect?" Mrs. Adrienne never responded. Another time Recasner walked in the office and said, "look I want you to sit in your chair, and do not get up for nothing." And Plaintiff

did not adhere to her request, but Recasner continually degraded me and made my working environment very unbearable. Recasner said "just sit there, and do your work." My response, "I'm doing my work, and doing it well." I then asked Mr. George Patterson, "what is wrong with Mrs. Adrienne, she's handling me like a child.." Patterson's response was "that's what she did?" but he never resolved the matter.

11.    In 2012, I had surgery to remove a cancerous tissue from my breast. At this time our job Performance Measurement was due. My doctors required that I stay home under doctor's care for six weeks, but I was forced back to work in only two weeks time by Mr. George Patterson.

12.    February 7, 2019, Ms. Martha Griset, Director(Interim) Property Management contacted me via mail with notice of a pre-termination hearing, informing Plaintiff that she was not eligible for FMLA. Not only having to return to work early from post op, but also In order the have the Performance Measurement ready in a timely matter. I had to stay at work many evenings, nights and weekends to complete it. Once Performance Measurement forms were completed, everyone still had a job.

13    On another occasion, Plaintiff had to cancel a doctor's appointment (month in advance) to accommodate the vacation time taken by Mrs. Recasner. Patterson was not concerned by my sacrifice, just as long as someone cover front office.

14.    In 2014. Plaintiff was the only employee to cover office as the 3 three other employees were in other departments... Plaintiff was working all six positions with no assistance. Plaintiff asked for help again and again to assist her with the over burden workload .

15    In December, all department heads took off for Christmas and New Years. Plaintiff had work to keep office up running during holidays. The problems continued to escalate when Mrs.

Recasner said, "she would never hire anyone older or with children because they have too many problems." . I just was over whelmed by Mrs. Adrienne Recasner, unbearable negative and derogatory comments towards me: Plaintiff had numerous doctor's visit, as a result of ear surgery and continuous stomach pain

16      In 2015, one morning employee Mrs. Else asked Plaintiff "why are you the only one always working?" Plaintiff's response was "because I must keep everyone with a job." Mr. Patterson came out the kitchen and said loudly. "I am wondering if she on cocaine." Plaintiff just looked at him and it was embarrassing to her. Two weeks later, Mrs. Rhonda Sidney of Human Resource for the City of New Orleans, called Plaintiff and said "you need to take a drug test." I to which I said, "I just took a test 2 two weeks ago." I reported her to Mrs. Courtney Bagneris, Administrator who replied "if they the supervisor of you using drugs, but they have to make sure it is so. Therefore, you do not need to take another drug test" Plaintiff declares that she has never used or sold drugs.

17.     In February 3, 2015, Plaintiff fell ill until April 28, 2015 using her Sick and Annual leave Time including FLMA time   While in the meeting on May 14, 2015 Attorney, Elizabeth Robins, made a decision to dismiss me from my position.  Knowing a head letter was faxed over to Personal saying I can report to work with precaution, I reported to work.  Mr. Ed Sens, said that I "must leave the premise or he will get security to take me off the premises."  Plaintiff asked Mr. Sens for her separation paperwork.  He responded by saying it will be ready in 2 two weeks.  Four temporary persons were hired to assist office. Work was still incomplete and now the department is back to 1 one employee today.

18.     August 7 2017, I reported to work to try to get back in work force.  I was not able to

Clock in or out. I did not have assets until 2 months later. Many days I sat in Facility

Maintenance Office alone. Strangers entering the building walking office the streets. Plaintiff

mention that to Plaintiff Supervisor Ronald Dixton, Supervisor Facility Maintenance. Then they

began to lock me in the building until someone arrived to let me out. A key never was offered or

given to me, and Plaintiff was the only employee with a schedule from 8 to 5 pm. Plaintiff was

afraid of being there alone. Anything could have happened to Plaintiff–it was not safe.. The

building was deplorable with the smell of sewerage and many insects, rats, and other rodents etc.

Plaintiff was not furnished with a computer to work. Plaintiff was forced to go to Facility

Maintenance building because Mr. George A. Patterson no longer wanted Plaintiff in his

department. Therefore, they created a job for Plaintiff. Defendant never assisted Plaintiff in her

work duties. Mr. Deline Williams ordered five computers when he just need to order 1, because

other employees were already working once my job was created. Mr. Deline Williams return all

supplies and equipment. Everyone in the office had a computer but Plaintiff. Plaintiff had to sit

in the middle of cold office during the winter months, when she fell ill again.

19.     In 2018, Plaintiff was under doctor's care and did not work. Plaintiff never heard

anything from anyone in Property Management.

20.     March 7, 2019 , Mrs. Martha Griset (Director) caused Plaintiff's health insurance with

United Health Care to be cancelled along with termination of employment. As a result, Plaintiff

was unable to continue her Leukemia treatments, and other medicine that were necessary for

Plaintiff's treatment. Plaintiff then had another set back with Leukemia treatments due to the

reckless actions of the City of New Orleans.

21.     Since Plaintiff's discharge, she has been unable to find gainful employment and

continues to suffer from lost wages, lost health insurance and her other benefits.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

22.     Plaintiff hereby incorporates all paragraphs of this Complaint as though fully set forth herein

23.     Plaintiff is a member of the class protected by the ADEA, in that at the time of the adverse actions taken against her, she was over the age of forty.

24.     Defendant subjected Plaintiff to a hostile work environment, failed to promote and constructively discharged Plaintiff, in whole or in part, because of her age.

25.     At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position.

26.     Defendant treated Plaintiff and other older employees less favorably than her similarly situated younger counterparts.

27.     Defendant discriminated against Plaintiff on the basis of her age, and caused her severe injuries, damages, and losses.

28. Defendant's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

**29.**    Plaintiff hereby incorporates all paragraphs of this Complaint as though fully set forth herein

30    Plaintiff was a disabled person, who suffered from Leukemia..

31.    Defendant subjected Plaintiff to illegal employment practices because of her disability..

32.    Unlike her peers who were not disabled individuals, Defendant failed to promote Plaintiff and subjected Plaintiff to a hostile work environment and constructively discharged Plaintiff.

33.    Defendant's actions as described herein were willful and wanton and taken in reckless disregard for Plaintiff's protected rights and feelings.

34.    As a proximate result of Defendant's discriminatory actions, Plaintiff suffered lost wages, compensatory damages and has incurred attorneys fees and costs.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against the defendant, an award as follows:

    a.  Injunctive and declaratory relief;

    b.  Damages in such amount as shall be proven at trial for back-pay and damages including lost benefits, wages, promotions, tenure, seniority, lost promotion and other employment opportunities'

    c.  An order for Defendant to reinstate Plaintiff or in the alternative to pay front-pay and benefits, including lost benefits in an appropriate amount;

Page 9 of 10

d. Compensatory damages including emotional distress as allowed by law;

e. Punitive damages as allowed by law;

f. Attorney's fees and costs as allowed by law;

g. Pre- and post-judgment interest, costs, expert witness fees and

h. Such other relief as the Court deems just and proper ;

**PLAINTIFF REQUESTS A TRIAL BY JURY
ON ALL ISSUES SO TRIABLE**

Respectfully submitted this _____ day of _January_, 2020

_____

MELISSA WILSON, PRO SE
2251 Kraft Place
New Orleans, La 70114
(470) 360-6364

Defendant:

City of New Orleans
Department of Property Management
5th Floor
1300 Perdido Street
New Orleans, Louisiana 70112